ELIAS E. ADLER *vs.* EDWARD D. CROOK and others, trading as CROOK, HORNER & Co.

*Practice in the Courts of Baltimore City under the Act of 1886, ch. 184—Construction of sec. 170 of said Act—Affidavit of Defence.*

Section 170, of the Act of 1886, ch. 184, relating to the speedy recovery of debts in the Courts of Baltimore City, requires, when the claim of the plaintiff is verified by affidavit, that the defendant's affidavit of defence in addition to averring the truth of his plea, " shall further state the amount of the plaintiff's demand, if anything, admitted to be due or owing, and the amount disputed." HELD :

1st. That under this section the affidavit of defence to be made by the defendant, or some one in his behalf, *in addition* to the averment that the plea is true must state specifically to what part of the plaintiff's claim his plea applies. If to the whole, he must so state, and if to a part, he must state to what part.

2nd. That an omission to state in the affidavit whether his plea embraces the whole or only a part of the claim, will render it fatally defective, and entitle the plaintiff to a judgment by default for want of a sufficient affidavit of defence.

3rd. That the object of the Act was, in cases to which it applied, to obtain from both plaintiff and defendant a definite and sworn statement of both the claim and the defence (if any) so that the parties might know exactly wherein they differed, and shape their action accordingly.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was submitted to ALVEY, C. J., YELLOTT, STONE, MILLER, IRVING, BRYAN, and McSHERRY, J.

*Charles J. Wiener*, for the appellant.

Adler *vs.* Crook, *et al.*

*Charles E. Wilcox,* for the appellees.

STONE, J., delivered the opinion of the Court.

This is an appeal from a *pro forma* judgment of the Superior Court of Baltimore City. The only question presented to us on the appeal is, the proper construction of section 170, of the Act of 1886, chap. 184, relating to the practice in Baltimore City.

Crook, Horner & Co. brought an action of assumpsit against Adler upon a promissory note, and made the affidavit required by section 171 of the Act of 1886, chap. 184.

Adler, the defendant, pleaded that he never promised as alleged, and that he never was indebted as alleged, and to these two pleas he made the affidavit that they were true to the best of his knowledge and belief, and that he believed he would be able to maintain them at the trial, and that he had been advised by counsel to make that affidavit. He also filed a certificate from his counsel, that he, the counsel, had advised the filing of the pleas and affidavit.

The exception states : " Thereupon issues were joined and said causes stood ready for trial. Thereafter the plaintiffs, by their attorney, moved for judgments by default for want of a sufficient affidavit of defence, upon the ground that said affidavits failed to set forth the amount of said claims admitted and the amount disputed, or that all of said claims were disputed, and upon said motion, and without notice to the defendant, or his counsel, judgments by default were entered therein as prayed."

It appears from this exception that the Court below decided *pro forma*, that *in addition* to the pleas filed and to which affidavit had been duly made, that it was necessary for the defendant to swear that he disputed the whole of the plaintiffs' claim, if the whole was disputed, or to specify what part was disputed and what part was admitted, if part only was disputed.

The 170th section, after providing that judgment may be entered at any time after fifteen days from the return day to which the defendant was summoned, goes on to say : "Although the defendant may have pleaded, unless such plea contains a good defence, and unless the defendant, or some one in his behalf, shall under oath, or affirmation, state that every plea so pleaded by the defendant is true, *and shall further state* the amount of the plaintiff's demand, if any thing, admitted to be due or owing, and the amount disputed; and further, that the affiant verily believes the defendant will be able at the trial of the cause to produce sufficient evidence to support said plea as to the portion disputed, &c."

This section is amendatory of the Act of 1864, and the principal addition it makes to that Act is the provision that the defendant, "Shall further state the amount of the plaintiff's demand, if any thing, admitted to be due or owing, and the amount disputed."

It is apparent that under the Act of 1864, if the defendant had a valid defence to *a part* of plaintiffs' claim (if the action was assumpsit,) that he would plead the general issue and make affidavit to it, as there was so special provision made for a case where part of the debt was admitted and part disputed. The plaintiff was required to swear that the defendant owed him a certain sum upon a certain cause of action, whether note, bond or account. If the defendant really did not owe him all he claimed, he the defendant might and perhaps did reconcile it to his conscience to swear that he did not owe the sum claimed, although he might owe a part of it.

But to remedy that the Act of 1886, provided that if any part was admitted it must be designated, and also what part was disputed.

If the whole claim sworn to by the plaintiff is disputed, then it must be distinctly stated in his affidavit that it is disputed.

The object of these Acts is the speedy collection of debts in the City of Baltimore, and we see no difficulty in applying them in practice. They do not change or affect the rules of pleading. Whatever defence the defendant has to the action, that he must plead. All that this Act requires is that *in addition* to the plea he must state specifically to what part of the plaintiff's claim his plea applies. If to the whole he must so state, and if to part he must state what part. The affidavit only narrows the scope of the plea to the precise point in issue.

In the case before us the plaintiffs swore that the defendant was indebted to them in the sum of two hundred and twenty-nine dollars and ninety-five cents, upon a promissory note filed with the declaration. To this the defendant pleaded that he was not indebted as alleged, and swore that the plea was true.

Now as a matter of fact the defendant may not have owed the whole sum which the plaintiffs alleged he did, but may have owed a part only, and therefore felt that he could conscientiously make the affidavit. But his omission to state in the affidavit whether his plea embraced the whole or only a part of the claim renders it fatally defective.

It has been earnestly and plausibly argued that the general issue plea, pleaded and sworn to in this case, is a denial of the whole claim of the plaintiffs', and is therefore a substantial compliance with the Act. It is very true that the plea is a denial of the whole cause of action; but it is equally true that it is also a denial of part of it, and that under that plea the defendant might dispute either the whole or *any part* of the debt. It would be equally competent for him, under such plea, to prove that before suit he had paid *half* the claim, or to show that in fact he never owed the whole, or any of it. This it seems to us was the special object of the statute to prevent.

The object of the Act was, in cases to which it applied, to obtain from both plaintiff and defendant a definite and sworn statement of both the claim and the defence, (if any,) so that the parties might know exactly wherein they differed and shape their action accordingly.

Being of opinion for the reasons stated, that the affidavit in this case was not in compliance with the Act of 1886, the judgment will be affirmed.

*Judgment affirmed.*