# ARTHUR MUELLER as. FRANK MICHAELS ET AL.

*Summary Judgment Under Baltimore Practice Act—Striking Out Judg-
ment—Insufficient Statement of Defendant's Indebtedness.*

Upon a.motion to strike out a judgment under the Practice Act of Balti-
more City (Local Code, Art. 4, sec. 313, etc.) the question whether the
proceedings in the case were such as to justify the entry of the summary
judgment, as well as the ,question of the jurisdiction of the Court, is
open for review.

The Practice Act of Baltimore City (Local Code, Art. 4, sec. 313, etc.)
directs that in order to obtain a speedy judgment under the statute the
plaintiff must file with his declaration an affidavit as to the indebted-
ness of the defendant and also the writing or account by which the de-
fendant is indebted, or, if the action be founded on a verbal or implied
contract, a statement of the defendant's indebtedness thereunder. In
this case the declaration averred that the defendants operated gambling
devices by which they caused the plaintiff to lose $285, and the account
filed with the declaration stated the indebtedness of the defendants
to be "for cash money received from the plaintiff." *Held*, that this
account was not such a statement of the particulars of the defendant's
indebtedness as is required under the statute, since it does not give
definite notice or information as to the nature of the plaintiff's claim.

When the account filed with a declaration under the Practice Act is an
insufficient statement of the defendant's indebtedness, and the plaintiff
afterwards files a new account, he is not entitled to a summary judg-
ment on the new account since it was not filed with the declaration at
the time of bringing the action as directed by the statute.

Appeal from the Baltimore City Court (HARLAN, C. J.)

The cause was argued before McSHERRY, C. J., FOWLER,
BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*James Fluegel*, for the appellant.

*John Grason* and *W. H. Lawrence*, for the appellees.

JONES, J., delived the opinion of the Court.

This is an appeal from an order of the Baltimore City Court
striking out a judgment which had been entered by that

Court in favor of the appellant against the appellees. The suit, in which the judgment was rendered, was instituted by the appellant on the 25th day of June, 1904, and was brought under what is known as the Practice Act (Act of 1886, ch. 184—now secs. 303 to 319 of the new charter of the City of Baltimore—Act 1898, ch. 123). The *narr.* contained the common. counts but the specific cause of action was set out in a special count as follows: "For that the defendants did operate three gambling devices by which they caused the plaintiff to lose $285 of his money in the month of June, 1904, and which said sum of $285 they refused wrongfully and unlawfully to return to the plaintiff, but did retain the same for their own use and benefit, contrary to law." Accompanying the *narr.* were the affidavit provided for in sec. 171 of the Practice Act (sec. 313 of New Charter) and the following as a statement of the particulars of the defendants' indebtedness.

"Account
Frank Michaels and John Kirby
To Arthur Mueller

For cash money received from the plaintiff in the month of June, 1904, by the defendants in the sum of $285.00."

The defendants having been summoned, Kirby, in proper person, filed, on the 11th day of July, 1904, a plea of non-residence alleging that at the time of the bringing of the suit he was, and was then, a resident of Baltimore County and was not at the time of the bringing of said suit, nor was he then, a resident of the city of Baltimore, and that no summons had been issued against him and returned *non est* in Baltimore County. The plea was accompanied with an affidavit "that the matters and facts set forth" therein were "true as therein stated." On the same day Michaels appeared by attorney and entered a "demand for bill of particulars." To this demand the plaintiff responded on the 12th of the same month by filing a new statement of particulars, a copy of which was served on Michaels the next day (July 13th). On July 26th, Michaels filed exceptions to the plaintiff's last-mentioned bill of particulars "because of insufficiency and vagueness" and prayed that he be directed "to file a more explicit and com-

plete bill of particulars." The next day, July 27th, the plain-
tiff moved for judgment by default against both defendants
"for want of sufficient plea and affidavit of defense;" and at
the same time filed two separate motions to have the judg-
ment extended—a motion to extend against Michaels because
he had "not pleaded to the declaration as required by law"
and a motion to extend it against Kirby because his plea was
bad and insufficient in law; because he had failed to attach to
his said plea "the affidavit required by law;" and because the
affidavit attached to the plea was bad and insufficient in law.
On the 29th of July, 1904, the Court by its order extended
judgment against both defendants (appellees here) for $286.52.

On the 30th of September following the defendants filed a
motion to strike out the judgment so entered, alleging the
pendency, at the time of the said entry, of Kirby's plea, and
of Michael's exceptions to the bill of particulars; that judg-
ment had been entered "without affording defendants an op-
portunity to be heard to said plea;" that the defendants "were
taken by surprise;" and charging "that the said judgment was
improvidently and irregularly entered up." On the 7th of
November, 1904, the judgment was, by order of the Court,
"stricken out" and the "case reinstated on the trial docket."
On the same day the plaintiff's counsel filed what are called
in the record "special exceptions" to this action of the Court,
the grounds of which were substantially the same as those set
out in the motions for extending the judgment; which being
overruled he filed a motion for a judgment by default against
the defendants. On the 19th of November, 1904, this last
motion was overruled with leave to the defendants to plead
within five days. Both of the defendants immediately filed
pleas accompanied with affidavits and certificate of counsel in
conformity with the Practice Act. Service of notice of the
pleas was admitted and issue joined thereon by the plaintiff.
On the 25th of the same month (November) the plaintiff's
counsel filed an order of appeal from the order of the Court
"striking out the judgment rendered   *   *   *   so the 29th
of July, 1904," and "from the action" of the Court "in over-

ruling the special exceptions filed by the plaintiff to said order." Several questions, suggested by this state of the record, were discussed at the bar but we deem it unnecessary to notice here more than one. Others may be more appropriately decided when more directly and formally presented.

It has been held that the Practice Act, under which the proceedings were had that resulted in the judgment of the 29th of July, 1904, prescribes a special proceeding which must be strictly complied with to give authority to the Court that is exercising the jurisdiction conferred to enter judgment under it. In this respect the Act in question has been construed as being analogous to the statutes conferring jurisdiction and prescribing proceedings in attachment. *Thillman* v. *Shadrick*, 69 Md. 528; *DeAtley* v. *Senior*, 55 Md. 479; *Bouldin* v. *Steibel*, 31 Md. 34. Where, however, the provisions of the Act have been conformed to and a judgment has been regularly entered thereunder, it will not be stricken out upon motion of the defendant therein unless some reason be shown why such defendant was prevented from appearing and making defense in accordance with the requirements of the statute or upon some ground of fraud, surprise or mistake (*Gemmell* v. *Davis*, 71 Md. 458; *Coulbourn Bros.* v. *Boulton*, 100 Md. 350), and especially will this be so where such motion is made after the lapse of the term at which it was rendered or, as now provided by the Practice Act, after the lapse of thirty days from the time it was rendered, *Abell* v. *Simon*, 49 Md. 318. But in the case of *DeAtley* v. *Senior*, *supra* (see p. 480), it is laid down that upon a motion to strike out a judgment in which is alleged irregularity in the proceeding in which the judgment was entered the whole question of jurisdiction and whether the proper steps have been taken "to justify the entry of judgment by the Court, is open."

In this case the grounds of the motion we are considering are surprise to the defendants, and irregularity in the entry of the judgment. It is urged, among other considerations, that the judgment was irregularly entered because the account filed by the plaintiff (appellant here) with his *narr.* at the

bringing of the suit was insufficient and did not gratify the requirements of the statute in that regard. The statute provides that the plaintiff *"shall not be entitled to judgment * * ** unless *at the time of bringing his action, he shall file with his declaration* an affidavit" as therein prescribed "and shall also file the bond, bill of exchange, promissory note or other writing or account by which the defendant is so indebted; or if the action be founded upon a verbal or implied contract, shall file a statement of the particulars of the defendant's indebtedness thereunder."

The appellant proceeded in this case upon the theory of his cause of action being an implied contract. Upon this assumption was the account filed with the *narr.* and which has been heretofore set out, such "a statement of the particulars of the defendant's indebtedness" as substantially gratified the requirement of the statute as to such statement? If not, then the appellant, in bringing his suit, did not put himself in a position to have a judgment entered for him under the summary provisions of the statute. *Thillman* v. *Shadrack,* 69 Md. *supra.* According to the authority, just referred to, the statement of particulars must, to gratify the statute, give "certain notice or information as to the real nature and character of the claim" which is the cause of action in any given cause. To the same effect is the case of *Burk* v. *Tinsley,* 80 Md. 98, in which the proceeding was under the attachment law to which the proceeding in the present case has been held to be analogous. In the two cases, last referred to, the authorities bearing on the question now under consideration, were reviewed and the rule stated was a deduction from them. It is unnecessary to refer more particularly to them here.

The account in the case at bar falls far short of gratifying the rule thus laid down. The account is for "cash money received from the plaintiff * * * by the defendants." In what way was it received so as to raise an indebtedness from the defendants to the plaintiff? It may have been received in the payment of a debt due the defendants; it may have been paid to them under some mistake; it may have been received

to be delivered to some third party; or it may have been received by the defendants as a stake to be held to abide the determination of some event.    In what way the alleged indebtedness of the defendants arose out of the receipt of the money is left wholly a matter of speculation.    It may also be said that the account here is not helped by reference to the special count in the plaintiff's *narr.* which has the fault of vagueness and uncertainty in its statement of the cause of action.    Therefore, at the time of bringing his suit and filing his *narr.* in the Court below, the appellant, by reason of failing to file with his *narr.* a proper "statement of the particulars of the defendants' indebtedness" did not put himself in a position to have a judgment entered in his favor under the summary provisions of the Practice Act.    Not only was this so but one of the defendants upon being summoned promptly appeared and excepted to the statement of particulars filed with the *narr.* for its insufficiency; and the plaintiff impliedly admitted the insufficiency of the original statement of particulars by filing an amended or new statement which latter statement, assuming its sufficiency which the defendant denied, would have been the effective one upon the trial of the case.

When the plaintiff moved for his judgment in the Court below he was not entitled to have it entered upon the account originally filed for the reasons already stated; nor was he entitled to have it entered upon the new or substituted statement of particulars because that was not filed "at the time of bringing his action" and "with his declaration."    There was error therefore in entering the judgment of the 29th of July, 1904, and under the circumstances of the case appearing in the record and herein set out we approve the action of the Court below in striking it out.    We do not deem it necessary to discuss in this case what diligence is required of a defendant in moving to strike out a judgment thus irregularly entered up; nor how far the question of due diligence may affect his right to such relief.    When the judgment in question was entered one of the defendants had challenged the jurisdiction of the Court and the other the sufficiency of the plaintiff's proceeding to

authorize a summary judgment under the Practice Act.    For reasons stated the plaintiff had not entitled himself to judgment against either defendant under the summary provisions of that Act.    Rightfully therefore the case ought to have taken its regular course, under the Act, upon the trial docket.    When the sufficiency of the statement of particulars filed by the plaintiff was drawn in question, if he intended to insist upon its sufficiency to entitle him to judgment by default, which he afterwards moved for, he should have stood upon his statement of particulars as originally filed until the question raised in regard to it had been appropriately determined. Instead of doing this he, in effect, abandoned it and substituted for it another and a different statement.    This was excepted to and its sufficiency disputed.    In this state of case it was reasonable that the defendants expected—indeed they had a right to expect—that the questions raised would be heard, and the trial of the case be had, in regular course.    They had cause for surprise at the summary entry of judgment.    We find no error in the action of the Court below in striking out this judgment and such action will be affirmed.

*Order affirmed with costs to appellee.*

(Decided March 23rd, 1905.)