# THE COMMONWEALTH BANK *vs.* OGDEN A. KIRKLAND.

*Practice Act of Baltimore City—Filing with Declaration the Writing by which Defendant is Indebted.*

A declaration alleged that a mortgagor had convenanted with the mortgagee and assigns to pay the mortgage debt ; that the plaintiff was an assignee of the mortgage ; that the defendant K. was the real owner of

the equity of redemption and in consideration of plaintiff's forbearance to foreclose, guaranteed payment of the mortgage debt, that plaintiff did forbear and upon subsequent foreclosure there was a deficiency, to recover which this suit was brought.   The action was under the Practice Act of Baltimore City, by which it is provided, (Local Code, Art. 4, secs. 312, 313) that if there shall be filed with the declaration any paper purporting to be signed by any defendant the genuineness of such signature shall be deemed to be admitted for the purposes of the cause unless the defendant shall state under oath that such signature was not written by or by the authority of the person whose signature it purports to be ;  also that the plaintiff shall not be entitled to judgment under the Act, unless he shall file with the declaration the writing or account by which the defendant is indebted.   The only paper filed with the declaration was one signed "O. A. K. (Seal), per J. M. W." and set forth that there was received of O. K. a certain sum for six months' interest on mortgage, and that "it is understood that this interest is accepted from O. K. with the understanding that he guarantees the payment of the said mortgage debt."   The defendant pleaded the general issue and no plea denying the signature to the alleged guaranty.   At the trial, plaintiff offered no evidence of the execution of the guaranty :  Held that by these proceedings the execution of the guaranty is not admitted so as to entitle the plaintiff to a judgment under the Practice Act, because that Act requires the writing by which the defendant is indebted to be filed with the declaration and the paper filed with the declaration in this case is unintelligible in itself and does not show any promise by the defendant to the plaintiff.

*Held*, further, that since the declaration does not allege that the defendant executed any written instrument, but merely that he guaranteed the payment of the mortgage debt, the plaintiff is not entitled to the benefit of Code, Art. 75, sec. 25, sub-sec. 108, which provides that when the execution of any written instrument filed in the case is alleged in the pleadings, the same shall be taken as admitted unless it shall be denied in the next succeeding pleading.

Appeal from the Superior Court of Baltimore City (WRIGHT, J.)

The cause was argued before McSHERRY, C. J., BRISCOE PAGE, BOYD, SCHMUCKER, JONES and BURKE, JJ.

*S. S. Field*, (with whom was *Robert Biggs* on the brief) for the appellant.

*William S. Bryan, Jr.*, (with whom was *Thos. R. Clendinen* on the brief) for the appellee.

PAGE, J., delivered the opinion of the Court.

It is alleged in the *narr.* that by mortgage a certain Edward C. Pritchett covenanted to pay to Joseph E. Hall, the sum of $3,750, three years after the 15th April, 1890, with interest thereon at 5 per cent payably annually, with power of sale to the mortgagee or his assigns, upon default being made in the payment of the principal or interest, at the time limited for the payment of the same or the interest thereon ; that the said mortgage debt and mortgage were assigned by Hall to William T. Donaldson on 2nd of October, 1899, and by him, on the same day to the Baltimore Building Association, and on the 12th of December, 1899, by the latter to the appellant; that afterwards the appellant being still the holder of the mortgage and the debt secured thereby, and the appellee being the real owner of the equity of redemption, and the said mortgage being in default for the non-payment of overdue interest, and the appellant being about to sell the mortgaged property, the appellant and appellees "in conversation" agreed together that the appellant would accept from the appellee the overdue interest, and give up its right to proceed to enforce the said mortgage for a reasonable time and to demand the entire mortgage debt; and that the appellee in consideration thereof would guarantee the payment of the said debt, but said debt was never paid ; that subsequently, the said mortgage being again in default and the whole of the entire debt being due, the appellee having refused after due notice and request to pay the same, the appellant sold the property and after applying the proceeds of sale to the said debt, there remained a balance of $2,289 still unpaid ; and that subsequently for a valuable consideration the said bank assigned the balance of the mortgage debt and guaranty to James H. Preston the equitable plaintiff, but the said appellee has refused to pay him the said sum due as aforesaid, though often requested so to do.

Annexed to and filed with this declaration was the following paper and affidavit.

Office of

O. A. Kirkland,

Auctioneer,

Rooms 104 and 105 Law Building, First Floor,

C. & P. Telephone Call 960,

Home      "         "    465–3.

$93.75-100                                   Baltimore.

Received Baltimore, Mch. 6, 1900, of Mr. Ogden Kirkland, the sum of ninety-three 75–100 dollars in payment of 6 months interest due Oct. 15, 1889, on mtge. at Cedar Heights being same mtge. given by Edw. C. Pritchett and wife to Joseph E. Hall and recorded in Balto. County, Liber N. B. M., No. 195, folio 260. It is also understood that this interest is accepted from Mr. Ogden Kirkland with the understanding that he guarantee the payment of the said mtge. debt. of $3,750.

O. A. Kirkland, (Seal.)

per J. M.. Winkler.

The Court instructed the jury to render a verdict for the appellee, and after judgment this appeal was taken.

There were seven bills of exception, six to the rulings on the evidence, and one to the ruling of the Court taking the case from the jury and refusing the prayer of the appellant.

No evidence was offered to prove the execution of the alleged guaranty filed with the *narr.* The important question in the case is, whether the genuineness of the signature thereto, is admitted by the pleadings for the purposes of the cause.

The charter of Baltimore, sec. 312 provides, that in any suit, when the cause of action is a contract, &c., the plaintiff shall be entitled to judgment, after fifteen days from the return day to which the defendant shall have been summoned, although the defendant may have pleaded unless such plea contains a good defense, and unless the defendant or some one in his behalf, under oath or affirmation shall state that every plea is true, and that the affiant believes the defendant will be able at the trial to produce sufficient evidence to support it, &c.; "and if the co-partnership or incorporation of any of the parties to the suit shall be alleged in the declaration and the affidavit to be filed thereto, as hereinafter provided; or if there

shall be filed *with the declaration in said cause any* paper pur-
porting to be *signed by any defendant* therein, the fact of such
alleged co-partnership and the genuineness of such signature,
shall be deemed to be admitted for the purposes of said cause,
unless the affiant knows or has good reason to believe, such
allegation of co-partnership or incorporation to be untrue, or
that such signature was not written by or by the authority of
the person whose signature it purports to be." By sec. 313
it is further provided, that the plaintiff shall not be entitled to
judgment under the preceding section, unless at the time of
bringing his action, he shall file with his declaration and affi-
davit stating the true amount the defendant is indebted to him,
"and shall also file, the bond, bill of exchange, promissory
note, or other writing or account, by which the defendant is
so indebted, &c." It is clear that the proceeding contemplated
by these sections, being "a special statutory one," must be
strictly complied with." *Thillman* v. *Shadrick,* 60 Md. 528.

The objection made here is, that the paper filed with the
declaration does not comply with the provisions of the statute,
which requires that there shall be filed the "writing or ac-
count by which the defendant is so indebted." It is certainly
not necessary under this provision to file that which is evi-
dence only. *Dawson* v. *Brown,* 12 G. & J. 59; *Lee* v. *Tinges,*
7 Md. 229.

But the writing should show on its face at least a *prima
facie* case of indebtedness from the defendant to the plaintiff.
Now was the paper filed with the declaration, the writing *"by
which* the defendant is so indebted?" It purports to be a
sealed instrument and is signed by O. A. Kirkland, per J. M.
Winkler. It acknowledges the receipt from Ogden Kirkland
of $93.75 "in payment of six months interest, due October
15th, 1899, on mortgage at Cedar Heights, being same mort-
gage given by Edw. C. Pritchett and wife to Joseph E. Hall,
recorded in Baltimore County, Liber N. B. M., No. 195, folio
260; and concludes with the following words, "it is also un-
derstood that this interest is accepted from Mr. Ogden Kirk-
land with the understanding that he guarantees the payment

of the said mortgage debt of $3,750." It is difficult to perceive how a receipt from O. A. Kirkland to Ogden Kirkland, can in any manner unexplained constitute or be evidence of an indebtedness from O. A, Kirkland to the Commonwealth Bank of Baltimore. There is no stipulation on the part of Kirkland to become indebted to that institution and no facts are stated from which that can be inferred. The most that can be stated about it is unexplained, that O. A. Kirkland accepts the interest with the understanding that Ogden Kirkland is to guarantee the payment of the mortgage debt, but there is nothing showing to whom the guaranty was made. If the mortgage and the assignments thereof had been filed with the declaration, there might have been a clearer statement of the cause of action. But standing alone it cannot be regarded as the paper upon which the defendant was indebted. Unexplained by other evidence it is unintelligible, and imposes no obligation upon anyone. It cannot be regarded as containing a promise to pay the debt of another, for the reason, that the contract to do so is not stated with such certainty, as that it can be understood, without reference to parol proof. Such a paper could not of itself constitute a valid cause of action for the additional reason that it does not comply even when taken in connection with the averment of the *narr.* with the requirements of the Statute of Frauds. It is set out in the *narr.* that by the mortgage one Pritchett covenanted to pay the debt to Hall and his assigns, and that by successive assignments the debt and mortgage was transferred to Preston the equitable plaintiff. The debt was therefore due from Pritchett to the assignee Preston, and that the defendant Kirkland "guaranteed the payment of the mortgage debt," in consideration that the plaintiff not the equitable plaintiff would forbear for a reasonable time to enforce said mortgage and to demand the entire mortgage debt. Such a contract is within the Statute of Frauds and must be by writing and not by parol. *Thomas* v. *Delphy*, 33 Md. 373.

The contract "must be stated with reasonable certainty so that it can be understood from the writing itself, without hav-

ing recourse to parol proof;"—"it cannot be partly in writing and partly in parol." *Frank* v. *Miller*, 38 Md. 459.

Nor could proof of the other writings set out in the *narr.* avail the appellant in this case. Here the mortgage, certainly the writing standing alone, without the aid of the assignments thereof together with the paper filed with the *narr.* could show any legal obligation on the part of Kirkland to pay Pritchett's debt to the bank or Preston.

The plaintiff in this case having failed to comply with the provisions of secs. 312 and 313, in that it did not file with the declaration, the writing by which the defendant was indebted, cannot claim the benefit of the special proceedings permitted by the statute. The case of *Thorne* v, *Fox*, 67 Md. 67, contains nothing in conflict with this view. There the plaintiff had fully complied with the statute, but pleas were interposed which permitted the defendant under the general issue to contest everything involved in the issues except the two facts, which under the pleadings had been legally admitted. Here, not having complied with the statute the appellant can claim nothing under it. Nor can the claim be successfully made that the paper can be regarded as admitted, under the provision of the Code, Art. 75, sec. 24, sub-sec. 108, that provides whenever the partnership of any parties, or the incorporation of any alleged corporation, or the execution of any written instrument filed in the case is alleged in the pleadings in any action or matter at law, the same shall be taken as admitted for the purpose of said action or matter unless the same shall be denied by the next succeeding pleading of the opposite party or parties." There is no allegation in the *narr.* of the execution of any instrument. The averment is that the defendant "guaranteed the payment of the mortgage debt," but refers in no manner to the writing.

There being therefore no legal admission of the execution of the writing and no proof thereof the Court committed no errror in rejecting it, and there being no evidence in the case tending to establish the alleged guaranty, it was correct in taking the case from the jury and directing a verdict for the defendant.

It follows also that the appellant's prayer was properly rejected.

*Judgment affirmed.*

(Decided January 10th, 1906.)