# THOMAS J. McDONALD

*vs.*

# CHAS. T. KING, ET AL.

*The Speedy Judgment Act of Baltimore City: Chapter 184 of the Acts of 1886; a special and statutory proceeding; strict compliance; account filed; liability of defendant to plaintiff.*

The Speedy Judgment Act, for Baltimore City, Chapter 184 of the Acts of 1886, was to obtain from both plaintiff and defendant a definite and sworn statement of both the claim and the defense (if any), so that the parties may know exactly wherein they differed and shape their action accordingly. p. 593

The proceeding under the statute is special and statutory, and it is only when the provisions of the Act are strictly complied with that the court has authority under it to enter judgment by default. p. 593

To obtain the benefit of the statute, the account which must be filed with the declaration must be one which either on its face shows the liability of the defendant and the amount of such liability, or one which itself furnishes the standard or means of arriving at such liability. p. 594

Unless the account filed with the declaration conforms to these requirements, the court has no jurisdiction to enter a judgment by default. p. 594

A contractor having failed to install the kind of heating plant such as he had agreed to install, the plaintiff notified him

that unless he made the necessary changes, to make it conform to the contract, that he, the plaintiff, would have the changes made at the cost of the contractor; the contractor failing or refusing, the plaintiff employed a mechanic to do the work; the plaintiff brought suit against the first contractor, under the Speedy Judgment Act; the account filed with the declaration was the bill of the mechanic against the plaintiff, and the liability of the defendant nowhere appeared thereon: *Held,* that such an account was not such a one as to bring the suit under the provisions of the Act.                              p. 594

*Decided February 24th, 1915.*

Appeal from the Court of Common Pleas of Baltimore City. (DAWKINS, J.)

The facts are stated in the opinion of the Court.

The cause was submitted on briefs to BOYD, C. J., BRIS-COE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE, and CONSTABLE, JJ.

*Israel B. Brodie* and *Julius H. Wyman,* submitted a brief for the appellant.

*George A. Solter,* submitted a brief for the appellee.

BURKE, J., delivered the opinion of the Court.

This suit was brought in the Baltimore City Court under the Speedy Judgment Act. The case was removed to the Court of Common Pleas, where it was tried. The jury rendered a verdict for the defendants, and from the judgment entered upon the verdict the plaintiff has brought this appeal. There are no exceptions to testimony, or to the rulings upon prayers. The appeal presents for review the action of the Court in striking out a judgment in favor of the plaintiff for $125.45 and costs entered on the first day of October, 1912. The declaration contained the common counts, and

one special count. The special count alleged that the plaintiff and defendants entered into an agreement on or about the 9th day of September, 1909, whereby the defendants contracted and agreed with the plaintiff to install in a workmanlike manner, a steam heating plant in a part of the building and premises situated at the northeast corner of Hillen and Front streets in the City of Baltimore at and for the sum of two hundred dollars; that the defendants did not install a steam heating plant in said premises, but instead of so doing the defendants installed, without the knowledge or consent of the plaintiff, a plant which was in part a steam heating plant and in part a hot water heating plant, that is to say, the defendants installed the pipes and radiators suitable for a steam heating plant, and a boiler or heater for a hot water heating system; that the plaintiff, believing that a steam heating plant had been installed, as agreed to be done by the defendants, paid the defendants the sum of two hundred dollars; that for a period of about one year the plaintiff remained in the belief that the plant was a steam heating plant, but immediately upon ascertaining that it was not a steam heating plant, but was in part a steam heating plant and in part a hot water heating system, he notified the defendants to make the plant conform to such a plant as had been agreed upon between him and the defendants, which the defendants failed to do; that the plaintiff then notified the defendants that unless they should proceed to carry out their contract with the plaintiff, he would have the work done at the cost and expense of the defendants; that the defendants failed to perform the contract, and the plaintiff then had the plant changed and altered in such a manner and to such an extent as to make it conform to such a plant as the defendants had agreed to furnish to the plaintiff; that the plaintiff notified the defendants that he had said work done, and that he had paid the costs thereof to the person who did the same, and demanded payment of the cost thereof by the defendants to him; that the defendants failed and refused to pay the same.

The account filed with the *narr.* was as follows:

"Mess. Charles T. King, George F. Lang and John
    G. Beck, co-partners, trading as Charles T. King
    & Company.

        To Thomas J. McDonald,  Dr.,

To these amounts paid to Joseph C. Mitchell:

| | |
|---|---|
| Mar. 22nd.—For time of plumber and helper taking down old boiler and removing bursted section.........$ | 5.00 |
| Mar. 27th.—One No. 5-15-7 Steam Boiler.... | 96.00 |
| Mar. 27th.—2-2 in. sockets, 24 cts., 1-1 in. union, 30 cts., 2-1 in. nipples, 20 cts. ...................... | .74 |
| Mar. 27th.—1-1 in. Ell., 12 cts., 4 3x2 bushings, $1, 2-1 in. bushings, 40 cts.. | 1.52 |
| Time Henry and John (16 hrs.) 2 days ea. at $7.50 per day..... | 15.00 |
| To Wallace & Gails bill for covering boiler with asbestos....... | 4.82 |

                                        $123.13

On June 26, 1912, a judgment by default was entered for want of a plea and affidavit. Following the entry of this judgment certain motions and orders were filed which need not be considered, as they do not affect the question to be decided. On October 2, 1912—the day following the entry of the final judgment—the defendants filed a motion, under oath, to strike out the judgment and assigned in support thereof a number of reasons. The third reason is hereby transcribed: "Because the voucher or writing filed with the declaration is not sufficiently definite, and does not show on its face a *prima facie* case of indebtedness from the defendants to the plaintiff." On the tenth day of December, 1912, the Court struck out the judgment, and on the same day the defendants filed the general issue pleas upon which issue was joined.

If the appellant failed to bring his case within the requirements of Chapter 184 of the Acts of 1886, the Court had no

jurisdiction to enter either the judgment by default or the final judgment 'of October 1, 1912. In *Thillman* v. *Shadrick,* 69 Md. 528, a judgment by default was entered and extended the same day. Two days later a motion was made to strike out the judgment on the ground of the insufficiency of the account filed with the *narr.* After quoting from the provisions of section 171 of the Act, the Court said: "The object of the Act was. in cases to which it applied, to obtain from both plaintiff and defendant a definite and sworn statement of both the claim and the defense (if any), so that the parties might know exactly wherein they differed and shape their action accordingly." *Adler* v. *Crook,* 68 Md. 494.

Now, there was no bond, bill or written contract filed, and unless the cause of action which we have set forth be an account or a statement of the particulars of the defendant's indebtedness, the appellee was not entitled to a judgment by default. If he was not entitled to such a judgment by reason of having failed to bring his case within the provisions of the statute, the Court was clearly without jurisdiction to enter it. And if the Court had no jurisdiction, the irregular entry of the judgment by default could not aid or supply that want of jurisdiction. The proceeding is a special, statutory one, and it is only when the provisions of the Act are strictly complied with that the Court has authority to enter a judgment by default under it. *DeAtley* v. *Senior,* 55 Md. 482. This circumstance distinguishes this case from those relied on by the appellee, where judgments by default, regularly entered in the exercise of the Court's general powers, were held to settle conclusively the question of jurisdiction without regard to any of the subsequent proceedings."

In *Poe on Practice, sections* 413 and 415, it is stated: "In addition to the affidavit which the plaintiff is required to make, he must file with his affidavit the bond, bill of exchange, promissory note or other writing or account by which the defendant is indebted to him, as set out in his affidavit. The voucher or vouchers of the plaintiff's claim are indispensably necessary to be filed, and they must on their face show a

*prima facie* case of indebtedness from the defendant to the plaintiff for a certain amount or an amount which they furnish the means of making certain." (Section 415): "As the result of the authorities, it may be stated that the claim, in order to be within the Act, must be one for an ascertained amount of liquidated indebtedness, to which a plaintiff can safely and properly swear; and the cause of action which must be filed with the declaration must be one which either on its face shows the liability of the defendant and the amount of such liability, or which itself furnishes the standard or means of arriving at such liability." See also *Commonwealth Bank* v. *Kirkland,* 102 Md. 662; *Mueller* v. *Michaels,* 101 Md. 191; *Mutual Life Ins. Co.* v. *Murray,* 111 Md. 609.

. Tested by these rules, is the account filed in this case sufficient under the Act?

We think it falls far short of gratifying the requirements of the statute. It shows no indebtedness from the defendants to the plaintiff. It appears from the account that certain sums of money were paid by the plaintiff to Joseph C. Mitchell for certain specified articles mentioned in the account, and for which it is sought to charge the defendants. *Prima facie* the debt for which the suit was instituted is a debt due by Mitchell to the plaintiff and nothing whatever appears from the account as to why or how the defendants can be held liable for any of the items charged. As the account did not conform to the requirement of the statute, the plaintiff was not entitled to either judgment, and the Court was without jurisdiction to enter either, and that it properly struck out the judgment.

In view of the conclusion we have reached as to the insufficiency of the account, the other reasons assigned for vacating the judgment need not be discussed.

> *Judgment affirmed, with costs to the appellees above and below.*