HAROLD KATSKI, ET UX. *v*. CLAYTON N. TRIPLETT, ET AL.

[No. 33, January Term, 1943.]

*Decided March 17, 1943.*

The cause was argued before SLOAN, DELAPLAINE, COLLINS, MARBURY, and GRASON, JJ.

*Noah A. Hillman* for the appellants

*William J. McWilliams* and *Edwin H. Brownley*, with whom was *Karl F. Steinmann* on the brief, for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

This suit was filed in the Circuit Court for Anne Arundel County on May 8, 1942, by Clayton N. Triplett, Alfred G. Triplett and Clayton N. Triplett, Jr., copartners trading as Baltimore Gas Light Company, against Harold J. Katski and Ellen N. Katski, his wife. The plaintiffs, intending to bring the suit under the Speedy Judgment Act of Anne Arundel County, filed with their declaration a statement under affidavit claiming that the defendants were indebted to them in the sum of $696.06. The statement, however, did not mention any items of merchandise alleged to have been sold to the defendants.

It appears from the record that the defendants were required to plead within fifteen days after the return day, the third Monday in May. But as the defendants filed a petition on May 25 for a bill of particulars, the court extended the time for filing pleas until fifteen days after compliance therewith. On June 4 the plaintiffs filed a bill of particulars containing (1) an invoice showing items of merchandise sold to the defendants, (2)

a statement of payments made by the defendants on account, and (3) a copy of an agreement wherein the defendants promised to be liable for merchandise purchased from the plaintiffs in any amount up to $1,000. While the defendants did not plead within fifteen days thereafter, Mrs. Katski on June 24 filed a demurrer to the declaration and bill of particulars, and moved for an extension of time within which to plead. On June 29 the court extended the time for pleading until ten days after determination of the demurrer.

On July 3 the plaintiffs alleged that the defendants had failed to plead within fifteen days after the filing of the bill of particulars, and moved that the court's order of June 29 granting additional time for pleading be rescinded, and that judgment be rendered against the defendants for want of plea verified by affidavit. The court struck out the demurrer, rescinded the order of June 29, and entered judgment by default in favor of the plaintiffs for the sum of $696.06.

The question on this appeal is whether the suit was brought in accordance with the Speedy Judgment Act. This statute, enacted by the Legislature of Maryland in 1935, provides that in any action on contract the plaintiff shall be entitled to a judgment at any time after fifteen days from the return day, unless the defendant shall plead as required by the Act, provided that the plaintiff shall file with his declaration at the time of bringing the action (1) an affidavit stating the true amount the defendant is indebted to him, and (2) the bond, bill of exchange, promissory note or other writing or account by which the defendant is so indebted. The Act also requires that a copy of the declaration, affidavit, notice to comply with the provisions of the Act, and cause of action shall be served upon each defendant at the time of the service of summons. Acts of 1935, Chap. 169; Code P. L. L., 1930, Art. 2, Secs. 189A, 189B. In 1914 the Legislature enacted a general rule providing that in all jurisdictions were provision has been or shall be

made for the obtention of speedy judgments, when the cause of action filed with the declaration shall set forth the plaintiff's claim with the particularity required for a bill of particulars, the cause of action shall be considered as one of the pleadings in this case, and the plaintiff shall be restricted in his evidence to proof of the items so set out. Acts of 1914, Chap. 378; Code, Art. 75, Sec. 28 (107).

The object of the Speedy Judgment Act is to provide for the speedy collection of debts by requiring from both plaintiff and defendant a definite sworn statement of both the claim and the defense, if any, so that the parties might know exactly wherein they differ and shape their action accordingly. *Adler v. Crook,* 68 Md. 494, 13 A. 153. The evident purpose of the Legislature in passing the Act is to narrow the questions in issue between the parties in any suit upon contract as far as practicable. In this case the statement which the plaintiffs filed with the declaration did not set out any items of merchandise alleged to have been sold to the defendants, and made no mention of the agreement signed by the defendants. It is therefore perfectly clear that the statement was not an "account" within the meaning of the Act. It is indispensably necessary for the plaintiff to file any vouchers of his claim at the time he institutes his suit. The vouchers must show on their face a *prima facie* of the defendant's indebtedness to the plaintiff for a certain amount or an amount which they furnish the means of making certain. It is obvious that it would have been impossible for the defendants in this case to state in their defense what part of the claim was admitted and what part of it was denied, because the plaintiffs did not set out the particulars of the indebtedness in the original statement. *Thillman v. Shadrick,* 69 Md. 528, 16 A. 138; *McDonald v. King,* 125 Md. 589, 593, 93 A. 979; 2 *Poe, Pleading and Practice,* 5th Ed., Sec. 413. It is well settled that when the plaintiff fails to comply with the Speedy Judgment Act, the court has no juris-

diction to enter summary judgment under it. Since the special proceeding is a statutory one, it is only when the provisions of the Act are strictly complied with that the court has authority to enter a judgment by default in accordance with its procedure. *McDonald v. King*, 125 Md. 589, 93 A. 979; *Roth v. Baltimore Trust Co.*, 159 Md. 580, 583, 152 A. 227. The defendants in this case, after being summoned, seasonably made objection to the statement on account of its insufficiency. Consequently, when the plaintiffs moved for a judgment by default on the ground that the defendants had failed to plead within the time allowed, they were not entitled to judgment either upon the statement filed with the declaration or upon the bill of particulars, for the bill of particulars was not filed at the time of the institution of the suit as required by the Act.

The record shows that the court, upon Mrs. Katski's motion, extended the time for pleading until ten days after the determination of her demurrer. In view of the fact that the original statement did not meet the requirements of the Act, we can find no reason to justify the court's action in striking out the demurrer and rescinding the order granting the extension of time for pleading. As the case should properly take its regular course as an ordinary action at law before the court sitting in the exercise of its common-law jurisdiction, we will reverse the judgment and remand the case in order to enable the defendants to have it heard upon its merits.

*Judgment reversed, and case remanded for further proceedings, with costs to the appellants.*