B. F. LITSINGER *v.* MURRAY ROSS, TRADING AS MURRAY'S CHICKEN ROOST

[No. 3, October Term, 1945]

*Decided October 31, 1945.*

The cause was argued before MARBURY, C. J., DELA-
PLAINE, COLLINS, GRASON, MELVIN, HENDERSON, and
MARKELL, JJ.

*Louis S. Ashman* for appellant.

*R. Lewis Bainder* for appellee.

COLLINS, J., delivered the opinion of the Court.

The plaintiff, B. F. Litsinger, appellant here, filed in
the Superior Court of Baltimore City under the Speedy
Judgment Act (Charter and Public Local Laws of Bal-
timore City, 1938, Sections 404-410, Code, 1930, Public
Local Laws of Maryland, Article 4, Sections 313-315B,
and Act of Assembly, 1931, Chapter 102) a declaration
against the defendant, appellee here, containing two
counts: (1) The common count for goods bargained and
sold, (2) the common count for work done and mate-
rials provided. Accompanied by the usual affidavit that
the amount due was $550 was a cause of action showing
(1) a balance of $250 due for one neon sign sold and
delivered, and (2) $300 due for a lighting unit which
defendant verbally ordered, which plaintiff finished and
was in the act of installing as ordered when stopped by
defendant, the total price being $600 and $300 having
been paid thereon. Defendant filed a demand for addi-
tional particulars. In view of the waiver by counsel for

defendant of any contention that furnishing particulars would take the case out of the Speedy Judgment Act, the demand for a bill of particulars was granted by the Court.

The additional particulars filed by the plaintiff did not materially change the particulars as contained in the first item of the account. The additional particulars filed as to the second item of the cause of action added no material allegations to that item. A demurrer was filed to the declaration and to each and every count thereof alleging as special grounds therefor a misjoinder of action and further that the alleged indebtedness of $300 is not a claim for an ascertained amount of liquidated indebtedness as required by the provisions of the Speedy Judgment Act. The demurrer as filed was sustained by the Court with leave to amend and upon statement of counsel for plaintiff that he did not wish to amend, judgment was entered in favor of defendant for costs of suit. From that judgment the plaintiff appeals here.

On appeal the appellee abandons the first ground set forth in the demurrer, namely the misjoinder of causes of action, and relies on the claim that the item of $300 is not a claim for an ascertained amount of liquidated indebtedness as required by the provisions of the Speedy Judgment Act.

Appellee admits and this Court finds that the first item is good under the Speedy Judgment Act aforesaid and that both counts are good at common law.

As to appellee's contention that the second item in the cause of action was not a claim for an ascertained amount of liquidated indebtedness, it is said by *Poe on Practice*, Vol. II, paragraph 415 (Tiffany Edition) : "As the result of the authorities, it may be stated that the claim, in order to be within the act, must be one for an ascertained amount of liquidated indebtedness, to which a plaintiff can safely and properly swear; and the cause of action which must be filed with the declaration must be one which either on its face shows the liability of the

defendant and the amount of such liability, or which itself furnishes the standard or means of arriving at such liability." This statement has been affirmed many times by this Court. Among other cases, see *Mueller v. Michaels,* 101 Md. 188, 191, 60 A. 485; *McDonald v. King,* 125 Md. 589, 594, 93 A. 979; *Petite v. Homes,* 184 Md. 377, 388, 41 A. 2d 71, 76, 77.

In the item now before this Court, as hereinbefore recited, the declaration alleges that the defendant verbally ordered from the plaintiff one lighting unit for the price of $600 which the plaintiff finished as ordered and was in the act of installing as ordered when the defendant stopped him; further that $300 had been paid on account leaving a balance due of $300. Therefore, according to the allegations of the declaration, the contract was not performed by the plaintiff due to the fact that he was stopped in his performance by the defendant. Where the amount due can be determined only by the verdict of a jury or in another similar manner, the amount claimed cannot be considered as a liquidated indebtedness. Unliquidated damages are such as rest in opinion only, and which cannot be ascertained by computation or calculation. *Steuart & Steuart v. Chappell,* 98 Md. 527, 531, 533, 57. A. 17. The amount due plaintiff under this item of the cause of action requires the exercise of judgment, discretion, and opinion and not a mere calculation or computation. It is a claim for an unliquidated amount. *Katski v. Triplett,* 181 Md. 545, 548, 30 A. 2d 764. It is therefore not sufficient under the Speedy Judgment Act.

The bill of particulars filed as to this item, which we find insufficient under the Act, could not in any way make the claim one for a liquidated amount under the Act. A bill of particulars could not be held in any case under the Speedy Judgment Act to cure an insufficient statement of defendant's indebtedness since it was not filed with the declaration when the action was begun as directed by the statute. *Mueller v. Michaels, supra,* 101 Md. at page 193, 60 A. 485; *Wilhelm v. Mitchell,* 131 Md. 358, 101 A. 785.

Although this second item of the cause of action was not such as to comply with the provisions of the Speedy. Judgment Act, yet as hereinbefore stated, both counts are good at common law. Therefore, the plaintiff is not entitled to the summary proceedings and other benefits such as counsel fee under the Speedy Judgment Act. *Petite v. Homes, supra,* 184 Md. at page 387, 41 A. 2d at page 76. However, he is entitled to have his claim tried at common law and to recover, if proved, in general assumpsit for material provided and for services actually rendered in part performance of a special contract cancelled by defendant. *Palmer v. Brown,* 184 Md. 309, 40 A. 2d 514, 515. This Court is therefore of the opinion that the demurrer should have been overruled and plaintiff allowed to proceed with his claim in general assumpsit. For these reasons the judgment will be reversed.

*Judgment reversed with costs and case remanded for further proceedings.*