CHESTER W. PETIT, appellee and cross-appellant, v. ERVIN CLARK CONSTRUCTION INC., aka ERVIN CLARK CONSTRUCTION Co., INC., et al., appellants.

No. 47902.

(Reported in 49 N.W.2d 508)

OCTOBER 16, 1951.

REHEARING DENIED DECEMBER 14, 1951.

Welch & Welch, of Logan, John D. Beardsley, of Onawa, and L. V. Gilchrist, of Denison, for appellants.

Whicher & Davis, of Sioux City, for appellee.

SMITH, J.—In its inception the case was quite simple but the procedural record became long and complicated, ending with a summary judgment for plaintiff against both defendants from which they appeal.

Plaintiff filed his petition in equity May 13, 1950. It alleged: that defendant Clark Construction Inc. (herein briefly called Clark), having been awarded a contract by defendant County for improving, surfacing and resurfacing certain highways, orally engaged plaintiff to supply labor and the use of certain equipment to aid in the performance of said work; that it was first agreed they would divide the net profits equally after paying to each an amount to be later agreed on for the use of equipment each owned; that pursuant thereto plaintiff worked and furnished equipment on various itemized projects; that on or about February 15, 1950, they amended their original contract and, based upon an accounting by Clark, it was orally agreed defendant Clark owed plaintiff the sum of $3785.09; and that thereafter Clark paid plaintiff to apply thereon the sum of $1500, leaving a balance due of $2285.09.

It was further alleged plaintiff, on or about February 24, 1950, filed with the auditor of defendant County a statement for lien against funds due Clark on said projects in the said sum of $3785.09 and later (May 6, 1950) filed an amendment thereto reducing it by the sum of $1500 and making some correction in enumeration of the various highway projects involved.

Original notices were served May 15. And on June 13, no pleading or motion having been filed by defendants, plaintiff moved for default judgment. The next day defendant County

moved to dismiss plaintiff's petition claiming it had finally accepted the work before plaintiff filed his claim with the county auditor and that plaintiff had failed to bring suit within sixty days thereafter as required by section 573.16, Iowa Code 1950.

On June 19, 1950, defendant Clark filed its separate answer admitting (in paragraph 2) that it had a contract with defendant County "for a certain road and highway improvement" and "that it had arrangements with plaintiff in reference thereto" but stating that "plaintiff has received all sums due him from this answering defendant and that it is not, at this time, obligated to him in any amount whatsoever." There was a general blanket denial of the claim (including the alleged February 15 agreement as to the amount due) and there were affirmative allegations (paragraphs 4 and 5) that plaintiff's filing with the county auditor and subsequent commencement of suit were not timely, and denial that plaintiff had any statutory lien "on the funds being held by Monona County."

On June 29 plaintiff ("not waiving any of *its* rights under the motion for default judgment * * * not ruled upon and subject to the ruling * * *") moved to strike the allegations of paragraphs 4 and 5 (as irrelevant, incompetent and immaterial) ; and for more specific statement as to the allegations of paragraph 2 "by setting forth what road and highway improvements mentioned in paragraph 2 of said answer said defendant admits the plaintiff worked upon, the terms of the contract * * * and how much it has paid * * *."

On July 13 the court ruled on the accumulation of motions —overruling plaintiff's motion for default judgment, defendant County's motion to dismiss petition and plaintiff's motion to strike from defendant's answer, but sustaining plaintiff's motion to make said answer more specific. And on July 14 defendant County filed its answer denying generally on information and belief most of the allegations of the petition.

So the matter rested until August 4 when plaintiff again moved for default judgment as against defendant Clark on the ground said defendant had failed to comply with the order to make its answer more specific; and in the alternative asked the court "to determine as adjudicated in favor of the plaintiff the matters pled in paragraph 2 of the answer * * * as provided in

Rule 86 of the Iowa Rules of Civil Procedure." This motion was supported by affidavit of plaintiff's attorney setting out a telephone conversation with defendant Clark's attorney in which the latter said he had not complied with the ruling "because he had been unable to hear from his client with the information he needed in order to comply."

On the same day (August 4) plaintiff filed reply to defendant Clark's answer ("subject to the ruling * * * on plaintiff's motion for default judgment filed concurrently herein"). Then on August 10 defendant Clark amended its answer "in accordance with the ruling of the court." In this answer he disclaimed information or belief as to the specific projects plaintiff had worked on, "this matter being peculiarly within the knowledge of the plaintiff."

Thereupon (August 12) plaintiff amended his motion for default judgment, alleging that the amendment to the Clark answer was not in compliance with the order to make more specific. And on August 15, 1950, plaintiff filed motion for summary judgment against both defendants "under Rules 237 to 240, inclusive, of the Iowa Rules of Civil Procedure." This motion was supported by plaintiff's affidavit: "That I have personal knowledge of the facts * * *. That there is due me * * * the sum of $2285.09 * * *. That it is my belief no defense exists against my claim."

A hearing on both motions was held September 18, 1950, but no ruling until January 13, 1951, when the court sustained both and entered judgment against both defendants for $2285.09, with interest, providing however that recovery from defendant County should not exceed $2523.86, "being the amount now held by it for the said defendant Clark."

The court in its ruling gave a résumé of the various procedural moves preceding the filing of the motions, expressed recognition of the "need for extreme liberality in dealing with defaults," but added: "From statements made to the court by counsel and from the whole record * * * the court finds that the defendant (Clark) was inexcusably negligent in failing to cooperate with its counsel, and in disregarding his request for information necessary for proper answer, and we hold that plaintiff

should no longer be denied his adjudication through the negligence and dilatory tactics of the defendant itself."

Directing its attention to the request for summary judgment the court, after stating the motion had been fully argued and that no controverting affidavits were filed by either defendant (as permitted by rule 238, Iowa Rules of Civil Procedure), found defendant County was indebted to defendant Clark in the sum of $2523.86 "upon certain road construction and maintenance contracts * * * withheld by it as required by law at the time plaintiff filed a lien against the fund" and concluded: "after receiving the evidence submitted, heard arguments of counsel, considered the records and files of this case, the court finds that the plaintiff's motion should be and it is hereby sustained."

Ten days after submission of the motion at the September 18 hearing, defendant Clark applied for an extension of time "to file resistance to motion for summary judgment." The application was supported by its attorney's affidavit which stated, in effect, that he had been on a ten-day vacation; that on returning August 21, 1950, he found an accumulation of mail at the post office, which he took to his home and from there (on August 22) to his office; that in some manner the envelope containing motion for summary judgment "got mixed up with some magazines" and was found by his daughter and called to his attention ("I believe") about September 13 or 14; that both motions were presented September 18, "and I asked for time in which to state my position. This affidavit and the application to which it is attached is for that purpose."

No ruling on this belated application appears though the judgment was not rendered until some four months after the attorney "believed" he first learned of the motion for summary judgment and during that time no attempt was made by him to "state" his "position."

Shortly after (January 22, 1951) the judgment defendant Clark filed motion for new trial and on February 9, 1951, an "Amendment to Answer and Counterclaim" and a "Motion to Set Aside and Vacate Ruling on Motion and Judgment filed January 13, 1951." These motions were overruled February 10 and notice of appeal given the same day by defendants. Apparently the amendment to answer and counterclaim, filed al-

most a month after final judgment and one day before notice of appeal, was given no consideration by anyone. It may be significant that defendants filed no timely pleading or motion during the entire proceedings except the motion for new trial.

The motion for new trial urges that: the court abused its discretion in various ways; no findings of fact were made as required by rule 179, Iowa R.C.P.; no evidence was submitted; the case was at issue; defendant never received notice the cause was assigned for trial; and the judgment is unauthorized by rules 237–240, Iowa R.C.P.

Twelve numbered errors are assigned and they are argued in four divisions of defendants' brief. It will be unnecessary however to consider them all in detail.

■ I. Much of the record here is immaterial to the question of the validity of the summary judgment. We have summarized it all for whatever value it may have as background.

Rules 237 and 238, R.C.P., seem to provide a procedure heretofore unknown to Iowa practice except in certain cases, enumerated in section 11608, Iowa Code, 1939. These were principally cases involving alleged secondary liability after rendition of judgment against the one primarily liable. Said Code section 11608 and the several succeeding sections pertaining to the same matter are now superseded by rules 239 and 240, R.C.P. They do not appear in the present Code. We are advised that rules 237 and 238 are taken or adapted from Connecticut practice. 2 Cook, Iowa R.C.P. (Rev. Ed.) 695–697. The same authority says on page 696:

"The sole function of this rule [237] is to expedite litigation by enabling a party with a just cause of action to recover judgment promptly and without the delay and expense of a trial, where there is in fact no issue of fact to try.

"This is the sole test. The court cannot weigh the credibility of the affiants—if the affidavits present an issue of fact the motion for summary judgment must be denied."

Rule 237 provides:

"Summary judgment may be entered in an action, upon any claim therein, which is either:

"(a) To recover a debt, or some other money demand which

is liquidated * * *, or on any contract, express or implied, except quasi contract; or * * *."

Rule 238 provides the procedure:

"Plaintiff making a claim described in rule 237 may file a motion for summary judgment thereon at any time after defendant appears, before or after answer. He shall support the motion by affidavit of himself or some person with personal knowledge of the facts, verifying the claim and the amount of money, if any, yet due thereon, and his belief that no defense exists against it. The clerk shall mail or deliver the copy of the motion as required in rule 82. Judgment shall be entered as prayed in the motion unless within ten days after it is filed, or such other time as the court may, for good cause, allow, the defendant resists it with affidavits showing facts which the court deems sufficient to permit him to defend. Hearing on the motion, if thus resisted, shall be as provided in rule 117. The court may, on plaintiff's motion, strike any affidavits filed by defendant which it finds insufficient, frivolous or made only for delay."

It will appear from these rules that it is entirely immaterial whether the rulings of the court on the motions for default and for more specific statement were or were not erroneous; or that defendants had answered; or whether defendant Clark had or had not complied with the ruling requiring more specific statement. If plaintiff's claim falls within any of the classes described in rule 237, and the procedure complied with the requirements of rule 238, after defendants appeared, these other procedural moves and countermoves and the court's various rulings upon them become of no moment. Defendants would not be entitled to trial on the merits. Kriv v. Northwestern Securities Co., 237 Iowa 1189, 1193, 1194, 24 N.W.2d 751.

II. We have first to inquire whether the claim pleaded by plaintiff against defendant Clark was one that was liquidated or otherwise within the description in rule 237.

The term "liquidated demand" has been construed for various purposes. We may assume the meaning here is not materially different from the general standard definition: a de-

mand, the amount of which has been ascertained or settled by the agreement of the parties or otherwise. State ex rel. Fletcher v. Naumann, 213 Iowa 418, 429, 239 N.W. 93, 98, 81 A.L.R. 483; Kellogg v. Iowa State Traveling Men's Assn., 239 Iowa 196, 215, 29 N.W.2d 559, 569; Black's Law Dictionary, Third Ed., 1121; Bouvier's Law Dictionary, 1934 Ed., 729; 26 C.J.S., Demand, 701. We find no authority indicating a different meaning for the purpose of summary-judgment procedure.

The Connecticut court says the amount claimed to be due is a "liquidated demand" within summary-judgment statute if it is susceptible of being made certain in amount by mathematical calculations from factors which are or ought to be in possession or knowledge of party to be charged. Rifkin v. Safenovitz, 131 Conn. 411, 40 A.2d 188, 189.

In Maryland it was held a claim for balance allegedly due under a verbal order to furnish and install a lighting unit which plaintiff claimed to have finished but was by defendant prevented from completely installing was not a claim for "liquidated indebtedness" within the Speedy Judgment Act. Litsinger v. Ross, 185 Md. 154, 44 A.2d 435, 436.

Omitting some unnecessarily pleaded details, we have here an allegation that after the work was completed the parties agreed on the amount of defendant Clark's indebtedness to plaintiff "based upon an accounting submitted to the plaintiff by said defendant Clark" and a copy of the alleged agreed account was attached to the petition. Without doubt the petition pleaded a demand that was "liquidated" within the meaning of rule 237.

III. We have next to inquire whether the procedure prescribed by rule 238 was substantially followed. The motion, in the absence of any resistance or counteraffidavit, contained the essentials prescribed by the rule. It was supported by plaintiff's affidavit "verifying the claim and the amount of money * * * yet due thereon, and his belief that no defense exists against it." The clerk mailed copy to defendants' attorney in accordance with rule 82. No attack was made on the sufficiency of the affidavit. No resisting affidavit was filed showing facts which the court might have deemed sufficient to allow defendants to defend. The motion was filed August 15. In spite of the accidental oversight by which the motion at first escaped the notice of de-

fendants' attorney on his return from vacation, it did come to his attention (according to his affidavit) the 13th or 14th of September. The hearing on it was the 18th (continued from September 15th). The record reveals no request at time of the hearing for additional time to prepare counteraffidavits. Ten days later defendant Clark did file an application for an extension of time which was apparently never brought up for ruling during the months that elapsed before any ruling was actually made on the motion for summary judgment.

The trial court, in a much better position to appraise the situation than are we, expresses the opinion defendant Clark "was inexcusably negligent in failing to co-operate with its counsel and in disregarding his request for information necessary for proper answer."

Defendant Clark in its motion for new trial filed January 22, 1951, says this recital was "without foundation in fact" and that after having employed the attorney "it supplied [him] with all facts within its knowledge upon which he could plead the defense herein."

We are not concerned with any controversy over the fixing of blame between defendant and its attorney. Our concern is only to determine whether the record brings the case within the intendment of our summary-judgment rules. As we have already indicated, we think it does.

IV. Much of what we have said applies more especially to defendant Clark. Defendant County has also appealed but appears to be merely a stakeholder. No serious contention is made that it did not hold funds owing its codefendant in the amount mentioned in the judgment as limiting the amount it could be required to pay on plaintiff's judgment against Clark. Nor is any contention made that it is not liable for any amount adjudged against defendant Clark, up to the amount withheld by it due Clark.

V. Defendants urge the court erred in failing to make written findings of law and fact as required by rule 179, R. C. P. It may be doubted whether this rule was applicable here. But assuming the summary proceeding was the trial of "an issue of fact without a jury" within the meaning of the cited rule, no reversible error occurred. Rule 179(b) would have permitted

128

a motion to enlarge or amend the findings and amend the judgment accordingly. Defendants filed no such motion but merely asserted in the motion for new trial that the judgment was void. They cannot now predicate reversible error for the alleged failure or insufficiency of the judgment. In re Estate of Coleman, 238 Iowa 768, 770, 771, 28 N.W.2d 500.

VI. Plaintiff has cross-appealed for failure of the court to allow him attorney fees as permitted by Code section 573.21. The ready answer to this cross-appeal is that the statute, by its express terms, is merely permissive—or at most discretional—not mandatory. The trial court cannot be said to have abused its discretion.

What we have said disposes of the various errors assigned on both appeals without further particular mention of them. The decision of the trial court is affirmed.—Affirmed.

All JUSTICES concur.