BALTIMORE PUBLISHING COMPANY *vs.* FRANCIS X. HOOPER.

*Affidavit of Defence—Act of* 1886, *ch.* 184, *sec.* 170.

Under the Act of 1886, ch. 184, which provides that in any suit on a contract, the plaintiff shall be entitled to judgment after fifteen days from the return day, unless the defendant shall make oath that every plea pleaded is true, and shall further state the amount of the plaintiff's demand, if anything, admitted to be due, and the amount disputed, an affidavit in an action of *assumpsit* "that the defendant does not admit any of the plaintiff's claim to be due and owing," is not such a denial of the defendant's indebtedness as the Act requires.

APPEAL from the Superior Court of Baltimore City.

This action was brought by the appellee to recover from the appellant the sum of $775. The claim was sworn to in the usual form, and setting forth that said amount was due above all discounts. The defendant pleaded the general issue pleas.—1. That it never was indebted as alleged. 2. That it did not promise as alleged. To these pleas the president and treasurer of the defendant company made oath in the usual form, with the addition, "and it does not admit any of the plaintiff's claim to be due and owing." The plaintiff moved for a judgment by default for want of a sufficient affidavit of defence, and allowed a credit of $475.00 on the amount claimed. The Court gave judgment by default, and the same was extended for $300. On the next day after the judgment was entered, the defendant moved that it be stricken out, and filed the following reasons in support of its motion:

First. Because the said judgment was entered irregularly.

Second. Because the defendant had, prior to the entry of said judgment, filed good and sufficient pleas, with an affidavit thereto, as required by law, and certificate of advice of counsel.

Third. Because this defendant has a good and meritorious defence to the cause of action of the plaintiff.

Fourth. Because the affidavit filed on behalf of the defendant by its president, is a compliance with the requirements of section 167 of Article 4, title "City of Baltimore," sub-title "Courts," of the Public Local Laws, and is, therefore, a bar to the recovery of any judgment.

The Court overruled the motion, and the defendant appealed.

The cause was argued before MILLER, ROBINSON, IRVING, BRYAN, FOWLER, MCSHERRY and BRISCOE, J., for the appellant. The Court declined to hear counsel for the appellee.

*William J. O'Brien, Jr.*, and *William J. O'Brien*, (with whom was *Samuel Snowden*, on the brief,) for the appellant.

*W. George Weld*, for the appellee.

ROBINSON, J., delivered the opinion of the Court.

We did not call upon the appellee, for it seemed very clear to us that the affidavit annexed to the pleas filed in this case was not in compliance with either the letter or the spirit of the Act of 1886, chap. 184.

Now, this Act provides that in suits upon contract the plaintiff, upon making affidavit as therein required, shall be entitled to judgment "at any time after fifteen days from the return day to which the defendant shall

have been summoned, although he may have pleaded, unless such plea contains a good defence," and unless the defendant shall make oath "that every plea so pleaded is true, and shall further state the amount of the plaintiff's demand, if anything, admitted to be due or owing, and the amount disputed; and further that the affiant verily believes the defendant will be able at the trial of the cause to produce sufficient evidence to support the said plea as to the portion disputed," &c.

The object of this Act was, as we have said in *Adler vs. Crook, et al.*, 68 *Md.*, 494, to enforce the speedy collection of debts in the City of Baltimore, and to that end it provides that the plaintiff shall be entitled to judgment after fifteen days from the return day, unless the defendant shall make oath that every plea so pleaded is true, and shall further state the amount of plaintiff's demand, if anything, admitted to be due, and the amount disputed. If the defendant in fact owes the entire amount claimed, the Act means that he shall so admit it, or if he owes but part of the claim he must state on oath the portion which is disputed.

Now, in this case, the defendant company pleaded "never indebted as alleged," and "never promised as alleged, "and its president and treasurer made oath, that every plea so pleaded is true, and *"that the defendant does not admit any of the plaintiff's claim to be due and owing."*

In saying it does not admit anything to be due, puts the plaintiff, it is true, to the proof of his claim. But this is not what the Act requires. It means that the defendant shall say on oath whether or not he owes the plaintiff anything upon the contract sued upon. If he owes the entire amount claimed he must so admit it, or if he owes but a part, he must, in the language of the Act, state the amount disputed. And merely saying that it does not admit any of the plaintiff's claim to be

due, cannot be fairly considered as a denial on oath by the company, of its indebtedness to the plaintiff. Certainly not such a denial as the Act of 1886 requires.

*Judgment affirmed.*

(Decided 7th June, 1892.)