The General Fire Proofing Company, a body corporate, sued "T.A. Hyson, trading as the Capital Fire Proofing Supply Company," under the Rule Day Act of Baltimore City. The action was commenced on the 27th day of February, 1911, and, although the record does not show the return day, we *Page 232 
suppose it was the second Monday, being the 13th day of March — as that was the next return day after the suit was brought. On March 24th the defendant made a motion for a rule security for costs, and it was ordered that the rule be laid, unless cause to the contrary be shown on or before the 20th of April. On the 24th of March the time for filing pleas was extended until five days after the rule security for costs was complied with, and on the 31st of that month the plaintiff gave the security. On the 5th of April the defendant filed two pleas — the first of which is, "That the defendant is sued by the name of T.A. Hyson, whereas his true name is Thomas A. Hyson," and the second, "That he is not now trading as the Capital Fireproofing Supply Co., and that he never did trade as the Capital Fireproofing Supply Co., but that together with one Herbert R. Eastwood, of Washington, D.C., he traded in the City of Washington, District of Columbia, as the Capital Fireproofing Supply Co." An affidavit of Thomas A. Hyson was filed, stating "That the pleas above pleaded are true in substance and in fact; and further that he, the affiant, verily believes that he will be able to produce sufficient evidence to support the said pleas and that he is advised by counsel to file the said pleas under oath." There is also a certificate of counsel that he advised the defendant to make the above oath and file the said pleas.
On April 21st the defendant made a motion for a non pros. on the ground that the plaintiff had not filed its replication within fifteen days, and the plaintiff, having been required to show cause why the suit should not be non prossed, filed an answer to the petition, and moved for judgment by default against the defendant for want of sufficient pleas and affidavit of defense, as provided by the statute. That resulted in a judgment by default being ordered by the Court, and from that order the defendant appealed.
The important question in the case is whether the filing of the pleas in abatement and the above affidavit prevented *Page 233 
a judgment by default under the Rule Day Act — no other pleas or affidavit having been filed than those above mentioned. We need not discuss the sufficiency of either of the pleas in abatement, as such, but will for the purpose of the discussion assume them to be sufficient. This precise question has not been passed on by this Court, although we have had many cases before us presenting different questions which have arisen under the Rule Day Act of Baltimore City and similar acts in some of the counties, but it seems to us that the language of the act, taken in connection with its objects, furnishes a plain and decisive answer. If the plaintiff does what is required of him under the act, as to which the record in this case raises no question, he is by the statute entitled to judgment "on motion, in writing, at any time after fifteen days from the return day to which the defendant shall have been summoned, although the defendant may have pleaded unless such plea contains a good defense, and unless the defendant or some one in his behalf shall, under oath or affirmation, state that every plea so pleaded by the defendant is true; and shall further state the amount of plaintiff's demand, if anything, admitted to be due or owing, and the amount disputed, and further that the affiant verily believes the defendant will be able at the trial of the cause to produce sufficient evidence to support the plea as to the portion disputed, and that he is advised by counsel to file the said plea; and such plea shall be accompanied by a certificate of counsel that he so advised the party making such oath or affirmation." Then other provisions follow which we need not quote.
CHIEF JUDGE ALVEY said in Gemmell v. Davis, 71 Md. 458, "The obvious purpose of the act is not only to furnish a short and expeditious method of recovery in the class of actions mentioned, but, by requiring disclosure under oath, as to the real amount or matter in dispute or actual contest between the parties, to avoid unnecessary trouble and expense in the trial. And while the construction of the statute should be *Page 234 
such as to afford to every defendant a full and fair opportunity to make all his defenses to the action against him, no such restrictive construction as against the rights of the plaintiff should be adopted as would, to any extent, defeat or frustrate the beneficial objects contemplated by the legislature." Or as was said by JUDGE STONE in Adler v. Crook, 68 Md. 494, "The object of the act was, in cases to which it applied, to obtain from both plaintiff and defendant a definite and sworn statement of both the claim and defense (if any), so that the parties might know exactly wherein they differed and shape their action accordingly."
Although we will not say that the Rule Day Act intended to prevent dilatory pleas from being filed, such pleas are not held in favor even in ordinary actions, and they should not be permitted to "defeat or frustrate the beneficial objects contemplated by the legislature", when it passed the Rule Day Act. It ought not to receive such a construction as will furnish a defendant the means of preventing a speedy judgment against him, if he has no meritorious defense, excepting in so far as such construction be necessary for his protection or be required by the language used. In short, while the Rule Day Act did not abolish dilatory pleas in actions brought under it, dilatory pleas cannot have the effect of abolishing or suspending that act. There is no necessary inconsistency between a dilatory plea and what the act requires to be in the affidavit, for it is well settled that the affidavit is no part of the pleadings,Laubheimer v. Naill, 88 Md. 174; Councilman v. TowsonBank, 103 Md. 469, and hence such reference to the merits as is required by the act to be stated in the affidavit cannot have the effect of waiving a dilatory plea, as the filing of a plea in bar would have.
The appellant cited the notes to 1 Poe, secs. 383 and 594, and Art. 75, § 24, sub. sec. 84 of the Code of 1904, as tending to show that the affidavit filed by him was sufficient. Mr. Poe in his note to sec. 383, in speaking of the *Page 235 
affidavit to a plea in abatement, said, "The affidavit should be that the plea is true in substance and in fact, and if the suit be in the City of Baltimore, under the Rule Day Act of 1886, Ch. 184, Code P.L.L. Art. 4, § 167, it should contain the further averment that the `affiant believes that at the trial the defendant will be able to produce sufficient evidence to support the same.'" And in the note to sec. 594 what the affidavit should aver is repeated in substance and there is added, "and that he is advised by counsel to file the said plea, and the plea must be accompanied by a certificate of counsel that he did so advise the filing thereof." The foot note in the Code referred to says, "The affidavit should also contain the averment in the form prescribed by any special law. Such, e.g., as `that the affiant verily believes that the defendant will be able to produce sufficient evidence to support the same, and that he is advised by counsel to file said plea under oath.'" It is manifest that Mr. Poe did not mean that what he stated in either of those notes was all that would be required, as he mentioned some requirements in the note to section 594 which were not mentioned in the one to section 383, but he was only giving examples of what should be stated, as his note to the section in the Code referred to plainly shows.
It would be difficult to understand why a defendant should be required to file, in addition to the affidavit to pleas in abatement prescribed by the Code, an affidavit including some of the requirements under the Rule Day Act, and not others. It was doubtless intended by the legislature either that the whole of the act should be applicable to pleas in abatement, or that none of it should be — not that a part of it should, and the rest not. There is nothing in the act which admits of any other construction, and it certainly does not contemplate allowing a defendant who does not dispute any part of the plaintiff's claim more time than one who does. It has been decided in a number of cases that an affidavit which does not state "the amount of plaintiff's *Page 236 
demand, if anything, admitted to be due or owing, and the amount disputed," is defective. See Adler v. Crook, 68 Md. 494, where the general issue pleas were filed, Hutton Co. v. MarxBros., 69 Md. 252, where there was a plea of the statute of limitations in addition to the general issue pleas; BaltimorePublishing Co. v. Hooper, 76 Md. 115, where the affidavit "that the defendant does not admit any of the plaintiff's claim to be due and owing," was held not sufficient, and other cases which might be cited. The affidavit in this case did not comply with that requirement and hence was defective.
No reason occurs to us why that and other requirements of the statute can not be complied with, when pleas in abatement are filed. If in point of fact the defendant does not dispute any part of a plaintiff's claim he can ordinarily accomplish nothing by filing dilatory pleas, unless it be delay, and that should not be encouraged. If, however, there be any reason why a defendant can not make the required affidavit until his pleas in abatement are disposed of, or if justice demands that he be not required to file the affidavit until after that time, the statute furnishes ample protection by providing "that the Court for good cause shown, may, by its order in writing, passed at any time before judgment, extend the time for filing such pleas and affidavits, which extension shall suspend until the expiration thereof, the plaintiff's right to enter judgment under this section."
So without further prolonging this opinion, we will affirm the judgment appealed from, as we are satisfied the appellant was in default for not filing such an affidavit as the Rule Day Act requires.
Judgment affirmed, the appellant to pay the costs. *Page 237