# COMMERCIAL CREDIT CORPORATION *v.* HENRY B. SCHUCK ET AL.

*Speedy Judgment Act — Affidavit of Defense — Amendment — Denial of Signature.*

Where, in an action under the Speedy Judgment Act for Baltimore City, the court allowed defendant to amend his affidavit by inserting a denial of the genuineness of the signature on the instrument in suit, plaintiff took an exception to such an allowance, and refused to join issue on the general issue pleas filed with the amended affidavit, whereupon the court directed issue to be joined by the clerk, plaintiff did not waive such exception by subsequently offering the instrument in evidence without any proof of the signature, and by excepting to its exclusion and to the direction of a verdict for plaintiff.                    p. 370

The trial court has no power, in an action under the Speedy Judgment Act for Baltimore City, to allow defendant, after the specified time for filing its affidavit, to amend the latter by alleging that the signature on the instrument in suit was not written by it or its authority, and so to withdraw its admission of the signature, resulting, by the terms of the act, from the failure to deny it in the affidavit as originally filed.   pp. 370-374

*Decided June 29th, 1926.*

Appeal from the Superior Court of Baltimore City (ULMAN, J.).

Action by the Commercial Credit Corporation against Henry B. Schuck and Bernard W. Reier, co-partners, trading as the Aiken Construction Company. From a judgment for defendants, plaintiff appeals. *Reversed.*

The cause was argued before BOND, C. J., URNER, OFFUTT, DIGGES, PARKE, and WALSH, JJ.

*Malcolm H. Lauchheimer,* with whom was *Sylvan Hayes Lauchheimer* on the brief, for the appellant.

*Fendall Marbury* and *Richard C. Bernard,* for the appellees.

BOND, C. J., delivered the opinion of the Court.

The question raised on this appeal is closely similar to that raised and decided in the case of *Farmers and Merchants Nat. Bank v. Harper (ante,* p. 358), at this term of court. It is whether, in a suit by an indorsee against the acceptor of a trade acceptance, in compliance with section 312 and other sections of the Charter of Baltimore City, commonly referred to as the Rule Day Act, or as the Speedy Judgment Act, of the city, the defendant, having, within the time specified for filing pleas and affidavit, filed general issue pleas and an affidavit which did not deny the signature of the acceptor, may, after that time has elapsed, add a denial by amendment of his affidavit, thus recalling the resulting admission of signature.

The Commercial Credit Corporation, on August 5th, 1925, filed suit against the present appellees, alleging that the Asbestos Products Corporation had drawn a trade acceptance upon the appellees for $560, that the appellees had accepted the trade acceptance, and that by subsequent indorsements and deliveries, for value received, prior to maturity, the Commercial Credit Corporation had become the holder of it; and that the appellees had not paid it at maturity. The trade acceptance was attached to the declaration, and appears with the endorsement for acceptance: "Aiken Construction Company (signature of acceptor), per H. Schuck, 2234 Aiken St." An affidavit under the Rule Day Act was also attached. The defendants, now appellees, on August 19th, 1925, filed general issue pleas, and the required affidavit denying the indebtedness.

The act provides that "if there shall be filed with the declaration in said cause any paper purporting to be signed

by any defendant therein, * * * the genuineness of such signature shall be deemed to be admitted for the purposes of said cause, unless the said affidavit shall further state that the affiant knows, or has good reason to believe, * * * that such signature was not written by or by the authority of the person whose signature it purports to be." There was no such statement in the affidavit filed at that time. Before proceeding with trial, on March 19th, 1926, the defendants, with leave of court, and against the objection of the plaintiff, amended their affidavit by filing it anew with a denial that the signature was written by either of them or by their authority, adding that, if it was, it was written under a misapprehension of the nature of the instrument, produced by fraud of certain agents of the Asbestos Products Company. The general issue pleas were refiled with this amended affidavit. The plaintiff declined to join issue on the pleas, as filed with the amended affidavit, and, then, at the direction of the court, issue was joined for the plaintiff by the clerk. On the trial which followed, the plaintiff offered the trade acceptance without any evidence to prove the genuineness of the signature, and the trade acceptance was, consequently, not admitted in evidence; and there being thus no evidence to prove the plaintiff's case, a verdict for the defendants was rendered at the direction of the court, and judgment was entered accordingly. Exceptions were taken by the plaintiff to the allowance of the amendment, to the exclusion of the trade acceptance from the evidence, and to the granting of the prayer to direct a verdict for the defendants; and from the judgment for the defendants, the plaintiff has appealed.

The appellees deny the right of appeal in this situation, arguing that the allowance of an amendment is within the discretion of the court, and no appeal lies from it. But that is true, of course, only where the allowance of amendments has been committed to the court's discretion, where power to allow amendments in its discretion has been given the court, and the question here is the preliminary one: whether the court had the power to allow this amendment if in its discre-

tion it should deem it proper to do so. *Scarlett v. Academy of Music,* 43 Md. 203, 208.

The fact that the appellant, after the court had ordered issue to be joined, proceeded with the trial, to the extent of offering the acceptance and taking the exceptions to the rulings which followed, is urged by the appellees as constituting a waiver of the exception to the allowance of the amendment, but we have not been able to agree in that contention. In the case of *Shoop v. Fidelity and Deposit Company,* 124 Md. 130, 133, to which the appellees refer for support of it, this Court held that, instead of filing a replication to amended pleas which the plaintiff thought improperly received, the plaintiff should have declined to reply, suffered judgment to go against her by default, and appealed from that judgment. But that is, in substance, and effect, what the plaintiff did here; it took an exception to the allowance of the new affidavit, declined to join issue on the pleas refiled, and after the court had directed the clerk to join issue for the plaintiff, thus removing the possibility of judgment for want of replication, offered the acceptance in reliance upon the admission of signature originally made, and excepted to the unfavorable rulings which followed. We see no inconsistency or waiver in this procedure.

Taking up the main question in controversy, then, it has been decided in *Farmers and Merchants Nat. Bank v. Harper, supra,* that the general act (1888, ch. 248, Code, art. 75, sec. 28, sub-sec. 108), similar in purpose to the provision in the Rule Day Act for Baltimore City (Act 1886, ch. 184, sec. 170), and passed at the next session of the Legislature, does not permit withdrawal, by amendment, of the admission of signature which results from a failure to deny it "by the next succeeding pleading." And the strong likelihood that the two provisions, with the same purpose, passed at about the same time, would seek the common object by substantially the same plan, goes far to settle the decision in this case. The differences between the two acts are negligible in this discussion; the use of the next succeeding pleading in the

general act, and of the affidavit in the Rule Day Act, are substantially the same step adapted to the situation dealt with in each act. The general act applies to proceedings of all kinds, in many of which there would be no affidavit filed with pleadings, and applies to writings filed at any stage of the case. The Rule Day Act applies only to writings filed with the declaration, and requires an affidavit in every case within its provisions, to be filed next after the declaration. It is significant that the affidavit which, under the Rule Day Act, is to contain any denial of signature, has only a temporary place early in the proceedings, and forms no part of the case after it has been filed. The defendant's affidavit "is in no sense part of the pleadings." *Councilman v. Towson Bank,* 103 Md. 469, 474; *Laubheimer v. Naill,* 88 Md. 174, 179. It is a paper to be filed only with the original pleas, to avoid the judgment by default provided in the act, and once that judgment has been avoided, the suit proceeds "as if the Rule Day Act had no existence." *Laubheimer v. Naill, supra; Newbold v. Green,* 122 Md. 648, 652. So, no affidavit would seem to be in place with any subsequent amendment of pleadings, if such be allowable, and no subsequent amendment of the affidavit would seem to be within the contemplation of the Legislature.

And a right of amendment of the affidavit, under the general amendment statute, article 75, section 39, would seem to us to conflict with the purpose sought by the Rule Day Act and its provision for preliminary admissions. The main purpose, as is well known, was the speedy and orderly disposition of commercial causes. "The obvious purpose of the act is not only to furnish a short and expeditious method of recovery in the class of actions mentioned, but, by requiring disclosure under oath, as to the real amount or matter in dispute or actual contest between the parties, to avoid unnecessary trouble and expense in the trial. And while the construction of the statute should be such as to afford to every defendant a full and fair opportunity to make all his defenses to the action against him, no such restrictive construction as

against the rights of the plaintiff should be adopted as would, to any extent, defeat or frustrate the beneficial objects contemplated by the Legislature." *Gemmell v. Davis,* 71 Md. 458, 464. "The object of this act was, as we have said in *Adler v. Crook,* 68 Md. 494, to enforce the speedy collection of debts in the City of Baltimore." *Balto. Publishing Co. v. Hooper,* 76 Md. 115, 117. In a large number of suits on written instruments, especially on commercial paper, the signatures would not be actually disputed, and proof of them was merely formal, but, nevertheless, burdensome, and it was the purpose of the Legislature to relieve creditors of the useless expense and trouble in preparing and bringing this proof when there was no actual dispute of it. The Legislature did not require merely that the defenses selected be specially pleaded, and there would have been nothing accomplished by special pleading alone, for it was already well known that the defenses were to be anticipated and prepared for under the general issue pleas. The Legislature went further, and itself prescribed a particular stage of pleading, or a particular paper for the defendant's statement that signature, incorporation, or partnership was denied. Clearly its chief object was a preliminary disposal of the merely formal burden of proof. But if the disposal, once effected in accordance with this plan, should be subject to annulment or recall by way of an amendment of the affidavit, then, as amendments may be made at any time up to the retirement of the jury, or up to judgment on a verdict by the court (Code, art. 75, sec. 39), there could be no effective preliminary disposal such as was intended. There could be only a disposal subject to revocation with leave of court at any time before the end of the trial. That would commonly leave a plaintiff under the practical necessity of preparing and bringing his proof, irrespective of any preliminary disposal of the question, for despite such disposal he might still suffer for lack of his proof, unless he should obtain a postponement of trial, and that, being in the discretion of the court, is not assured, and may often be disadvantageous. And such a proceeding would seem to be at

variance with the purpose of speedy disposition of commercial litigation. For these reasons we have concluded that it is not the purpose of the act that the preliminary admission provided for should be open to withdrawal by way of amendment.

The similar statutory provision for suits before justices of the peace (Code, art. 52, sec. 35) expressly requires the denial of signature and the other selected defenses to be made before any hearing or proceeding is had in the case. And it makes it mandatory upon the justice to postpone the trial upon application of the plaintiff if denial is made.

A requirement that defenses be made at an early stage of litigation or not at all, is not unfamiliar in the law, of course, and is not one which we might presume that the Legislature did not intend. All matters in abatement, and other dilatory defenses, according to the old common law were, as they still are, required to be pleaded within the time specified for original pleas, and by statute, Code, art. 75, sec. 47, as well as by common law, they are not amendable. 1 *Poe. Pl. & Pr.,* sec. 600. And in other jurisdictions in this country, and in England, statutory provisions for the final, preliminary disposal of formal defenses are common. *Wigmore, Evidence,* secs. 2596 and 2597 and notes. They all provide for what is essentially the same as, and no more onerous than, a preliminary stipulation of the fact, such as parties frequently make voluntary. In our opinion, this has been the purpose of the Legislature of this State.

Two previous decisions are urged by the parties on one side and the other here as closely similar, and, in a measure, decisive of this case. In *Thorne v. Fox,* 67 Md. 67, 73, in which the defendant was sued under the act on a partnership note, but in his affidavit did not deny either the partnership or the genuineness of the signature to the note, this Court said: "If not denied on oath, at the time of filing the pleas, as the act provides, those facts are to be regarded as admitted for the purposes of the cause, at any stage of it; and whether it goes to judgment by default, or proceeds to trial on other

issues joined." In *Horner v. Plumley,* 97 Md. 271, a husband and his wife were sued jointly under the act as makers on promissory notes, and after he had filed joint pleas without denial of either signature, and after the time fixed in the act for the filing of pleas and affidavit, a motion of the wife to strike out the pleas on her behalf, and for leave to file separate pleas, was granted upon her representations to the court that she had not authorized the filing of the original joint pleas, and had not known of them, and that no copy of the declaration had ever been served on her, and she had never before known of the nature of the suit. The wife then filed pleas accompanied by a denial that the signature was hers. It was held that the allowance of this action was in the discretion of the court. We do not see that either decision reaches the question now raised; the power of the trial court, after the specified time for pleas and affidavit, to permit the amendment of an affidavit filed with full authority, after all necessary service, by the defendants desiring to make the change. And we have seen nothing in the Act of 1914, chapter 106, or section 315-A of the City Charter, which conflicts with the conclusion we have stated. That statute gave the trial court power to strike out a judgment entered under the Rule Day Act and receive pleas and affidavits within ten days, whenever the court should be of opinion that the interest of justice would be promoted by it. It merely gave the court power, after judgment as well as before, to enlarge the time for the pleas and affidavit, and pleas and affidavits filed in the extended period are subject to the same restrictions and consequences as those filed within the time originally allowed. The Rule Day Act has not been repealed, but remains in full force and vigor, except that a judgment may be stricken out and the time limit may be extended in exceptional cases.

The amendment offered to the affidavit here does more than merely deny that the signature was not written by or with the authority of the person whose signature it purports to be; it sets up a defense of procurement of the signature by

misrepresentation or fraud. We do not decide in this opinion that this second defense is open to the defendants only when announced in the affidavit. See *Fifer v. Clearfield Coal Co.,* 103 Md. 1; *Tippett v. Myers,* 127 Md. 527, 531.

> *Judgment reversed, with costs to the appellant, and new trial awarded.*