## KATHERINE E. LIPSCOMB *v.* WILLIAM T. ZINK.

*Speedy Judgment Act—Demand for Bill of Particulars—Sufficiency of Account Filed—Judgment by Default.*

In a suit under the Speedy Judgment Act for Baltimore City, the mere filing by defendant of a demand for a more specific statement of the cause of action does not suspend the entry of the judgment to which the plaintiff is otherwise entitled.

p. 434

The action of the court in entering a judgment by default, notwithstanding defendant's motion for a new bill of particulars, had the effect of overruling the motion and of determining that the statement already filed by the plaintiff was adequate.

p. 434

In a suit under the Speedy Judgment Act for Baltimore City, the declaration in which asserted a claim for commissions in a certain amount for the sale of a lunch room, and the account filed with plaintiff's affidavit stated an indebtedness in that amount for broker's commissions for effecting the sale of a lunch room at a named location, and at a named price, the failure to disclose the exact date of the alleged employment, and to furnish a copy of the contract of employment, did not entitle defendant to a more specific bill of particulars, the account being sufficiently specific to enable defendant to plead and to state, as required by the act, whether the claim was as a whole or in part admitted or disputed. pp. 435, 436

While the act requires the plaintiff to file a statement of the particulars of the alleged debt, he is not required to produce all the evidence by which his claim might be proved. p. 436

The defendant in a suit under the act is not entitled to notice of plaintiff's purpose to apply for a judgment by default. p. 438

*Decided November 11th, 1926.*

Appeal from the Baltimore City Court (SOLTER, J.).

Action by William T. Zink against Katherine E. Lipscomb, or Catherine E. Lipscomb. From an order overruling a motion to strike out a judgment by default, defendant appeals. Affirmed.

The cause was submitted on briefs to BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and WALSH, JJ.

*John Murphy,* for the appellant.

*Joseph R. Gunther,* for the appellee.

URNER, J., delivered the opinion of the Court.

On January 27th, 1926, a judgment by default for want of plea and affidavit of defense was entered in the Baltimore City Court against the defendant under the Speedy Judgment Act. A motion to strike out the judgment was filed by the defendant on March 5th, 1926. The appeal is from an order of the court overruling the motion.

The Speedy Judgment Act for Baltimore City, as incorporated in the Charter of the City (sections 312-315A), provides, in part: "In any suit, when the cause of action is a contract, whether in writing or not, or whether express or implied, the plaintiff, if affidavit or affirmation be made, as hereinafter stated, shall be entitled to judgment to be entered by the court or the clerk thereof, on motion, in writing, at any time after fifteen days from the return day to which the defendant shall have been summoned, although the defendant may have pleaded, unless such plea contains a good defense and unless the defendant or some one in his behalf shall, under oath or affirmation, state every plea so pleaded by the defendant is true; and shall further state the amount of plaintiff's demand, if anything, admitted to be due or owing, and the amount disputed * * *."

It is further provided that the court, for good cause shown, "may, by its order in writing, passed at any time before judgment, extend the time for filing such pleas and affidavits, which extension shall suspend, until the expiration thereof, the plaintiff's right to enter judgment * * *."

The plaintiff is not entitled to judgment under the act "unless, at the time of bringing his action, he shall file with his declaration an affidavit or affirmation, * * * stating the true amount the defendant is indebted to him, over and above all discounts, and shall also file the bond, bill of exchange, promissory note or other writing or account by which the defendant is so indebted; or if the action be founded upon a verbal or implied contract, shall file a statement of the particulars of the defendant's indebtedness thereunder."

When a judgment by default is entered, the court is empowered by the act to "assess the damages on proof thereof without empanelling a jury to do so, unless the defendant shall have filed a motion in writing before the entry of such default for a jury trial, and shall have stated in such motion how much of the plaintiff's demand is disputed, and how much thereof, if any, is admitted by such defendant to be due * * *."

On motion filed by the defendant within thirty days after the entry of a judgment by default, the court is authorized by the act to strike out the judgment and reinstate the case "with leave to the defendant to file pleas, affidavit and certificate of counsel, * * * within not exceeding ten days thereafter, whenever the court shall be of the opinion that the interests of justice will be promoted by striking out such judgment and so reinstating such case, * * *."

This suit was brought on December 22nd, 1925, and the return day of the writ was the second Monday of January, 1926, being the eleventh day of that month. If the plaintiff complied with the terms of the act, he was entitled to the judgment by default which he obtained on January 27th, more than fifteen days after the return day to which the defendant was duly summoned, unless within that period the defendant filed pleas, containing a good defense, accompanied by an affidavit stating that they were true and disputing the whole or a part of the plaintiff's claim, or unless the defendant, before the entry of the judgment, procured an order extending, for good cause shown, the time for filing the pleas and affidavit. The defendant did not adopt either of those methods of preventing a judgment by default. But prior to the judgment she filed a motion that the plaintiff be required to present a more specific bill of particulars. This motion was filed on January 9th, and the plaintiff, on January 22nd, answered the motion by denying the defendant's right to a more particular statement of the plaintiff's claim, and asserting that it was sufficiently set forth in the declaration and the account thereto attached.

The plain terms of the act exclude the theory that the mere filing of a demand for a more specific statement of the cause of action could have the effect of suspending the entry of a judgment to which the plaintiff was otherwise entitled. That object might have been accomplished if the defendant had applied for an extension of the time for filing her pleas and affidavit, and had satisfied the court that her request was sufficiently meritorious to justify the granting of additional time for pleading.

The action of the court in entering a judgment by default, notwithstanding the motion for a new bill of particulars, had the effect of overruling the motion and of determining that the statement already filed by the plaintiff was adequate. We shall, therefore, consider whether the claim of the plaintiff, as filed with the declaration, was stated with the requisite particularity. Unless it satisfied the act in that respect, the plaintiff was not entitled to a judgment by default under the act, even if the motion just referred to had not been submitted.

The declaration included the common counts and a special count, which alleged "that the plaintiff was and is engaged as a broker in the sale of real estate and other property in the City of Baltimore, and that some time prior to the month of August, 1925, the defendant engaged and employed the plaintiff to procure for her a purchaser for a lunchroom business, known as the 'Elk Lunchroom,' owned and controlled by her at No. 1057 Hillen Street, in said city, and that the plaintiff procured and introduced as a prospective purchaser of said business to the defendant one Ernest G. Grey, and as a result of such introduction by the plaintiff of said Grey and of negotiations between them, the defendant sold to said Grey a one-half interest in said lunchroom at and for the sum of twenty-five hundred dollars; that the plaintiff is entitled to broker's commissions of one hundred and seventy-five dollars ($175) for procuring said Grey as a purchaser of said one-half interest, which said commissions the defendant has failed and refused to pay the plaintiff; wherefore this suit is brought."

The plaintiff's affidavit filed with the declaration states that there is justly due and owing by the defendant to the plaintiff, "on annexed open account (the cause of action in said cause) the sum of $175, with interest from August 1, 1925, over and above all discounts." The account filed with the declaration and affidavit is in the following form:

"Katherine E. Lipscomb,
    "To W. T. Zink, Dr.,
    "To broker's commissions for effecting sale to Ernest G. Grey for Twenty-five Hundred Dollars ($2,500) of a one-half interest in the 'Elk Lunchroom,' No. 1057 Hillen Street, Baltimore City..........$175.00
    "With interest from August 1, 1925."

A more specific bill of particulars was desired by the defendant, as stated in her motion, in order to have disclosed; "1. The exact date of the alleged engagement and employment of the plaintiff by the defendant. 2. A copy of the contract of alleged engagement and employment of the plaintiff by the defendant, as the agent of the defendant to procure for her a purchaser of the said lunchroom business."

In our opinion the account filed with the declaration was sufficiently specific to enable the defendant to plead and to state whether the claim as a whole or in part was admitted or disputed. The suit was for services rendered in pursuance of a designated employment. Both the declaration and the account describe the particular service for which compensation is claimed. It is not alleged that the contract of employment was in writing. But whether oral or written, it would apparently evidence only his employment, and not the fact of the service for which he seeks recovery or the amount of the compensation which he claims to have earned. Specific reference is made in the account to a single transaction involving the sale of a described property to a named individual for a stated price, and constituting the basis of the claim preferred. The time of the alleged employment was approximately stated in the declaration, but since only one such engagement is asserted, as the occasion for the services

claimed to have been rendered, the defendant's own knowledge would enable her to determine whether her pleas should concede or dispute the existence of such an agreement. The defendant was thus informed as to the essential details of the claim, and certainly no further information was needed for the purposes of the admission or denial which it was necessary for her to interpose.

In *Cox v. Waters,* 34 Md. 461, where a motion had been made to quash an attachment because a sufficient voucher or account was not annexed to the affidavit, the attachment law requiring that the bond, account or other evidence of debt should be thus produced, the court said: "In this case it does not appear that the appellee holds any bond, note or other written evidence of the debt. The presumption is that the liability rests only on the verbal contract of the debtor. No other voucher therefore could be produced, except an account showing the nature and the amount of the alleged indebtedness."

Under the provisions of the act which governs this case, it was the duty of the plaintiff to file a statement of the particulars of the alleged debt; but he was not required to produce all the evidence by which his claim might be proved. *Commonwealth Bank v. Kirkland,* 102 Md. 662; *Lee v. Tinges,* 7 Md. 215. Having filed a sufficient statement of his claim under the act, and no pleas with affidavit disputing any part of the claim having been filed within fifteen days after the return day, and no extension of the time for filing pleas having been procured, the plaintiff, according to the explicit terms of the act, was entitled to a judgment by default.

In *Hyson v. General Fireproofing Supply Co.,* 117 Md. 230, the question was whether the filing of pleas in abatement, with an affidavit which did not dispute any part of the plaintiff's claim, should have prevented a judgment by default under the act with which we are here concerned. The "language of the act, taken in connection with its objects" was said, in the opinion delivered by Chief Judge Boyd, to furnish "a plain and decisive answer" to that ques-

tion. "If the plaintiff," said the opinion, "does what is
required of him under the act, as to which the record in this
case raises no question, he is by the statute entitled to judg-
ment 'on motion, in writing, at any time after fifteen days
from the return day to which the defendant shall have been
summoned, although the defendant may have pleaded, unless
such plea contains a good defense, and unless the defendant
or some one in his behalf shall, under oath or affirmation,
state that every plea so pleaded by the defendant is true;
and shall further state the amount of plaintiff's demand, if
anything, admitted to be due or owing, and the amount dis-
puted' * * * Chief Judge Alvey said in *Gemmell v. Davis,* 71
Md. 458, 'The obvious purpose of the act is not only to fur-
nish a short and expeditious method of recovery in the class
of actions mentioned, but, by requiring disclosure under
oath, as to the real amount or matter in dispute or actual
contest between the parties, to avoid unnecessary trouble and
expense in the trial. And while the construction of the
statute should be such as to afford to every defendant a full
and fair opportunity to make all his defenses to the action
against him, no such restrictive construction as against the
rights of the plaintiff should be adopted as would, to any
extent, defeat or frustrate the beneficial objects contemplated
by the legislature.' Or, as was said by Judge Stone in *Adler
v. Crook,* 68 Md. 494, 'The object of the act was, in cases to
which it applied, to obtain from both plaintiff and defendant
a definite and sworn statement of both the claim and defense
(if any), so that the parties might know exactly wherein they
differed and shape their action accordingly.' "

It was held in the *Hyson* case that the affidavit to the pleas
being defective, in the important particular indicated, the
filing of the pleas did not affect the plaintiff's right to the
judgment by default for which the act provided. The opin-
ion said that if "there be any reason why a defendant cannot
make the required affidavit until his pleas in abatement are
disposed of, or if justice demands that he be not required
to file the affidavit until after that time, the statute furnishes
ample protection by providing that the court for good cause

shown, may, by its order in writing, passed at any time before judgment, extend the time for filing such pleas and affidavits, which extension shall suspend until the expiration thereof, the plaintiff's right to enter judgment under this section."

The motion to strike out the judgment in this case complains that the defendant was not notified of the plaintiff's purpose to apply for a judgment by default. This objection is answered by the opinion in *Gemmell v. Davis, supra,* which says: "After a defendant is brought into court, in a suit conducted under the provisions of the statute, he is required to be active and prompt in availing himself of his defenses. The defendant here, being in default, had no right to insist that he should be served with notice of the motion of the plaintiff for judgment, * * *."

The effect upon the defendant's rights of her delay in filing the motion to strike out the judgment, until after thirty days from its rendition, need not be considered, as the plaintiff's right to the judgment under the act is clear, and we prefer to base our decision in the case upon that ground.

*Order affirmed, with costs.*